**WO**

MW

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Baljeet Singh Sidhu,<br><br>             Petitioner,<br>v.<br><br>Chad Wolf, et al.,<br><br>             Respondents. | No.  CV-20-01189-PHX-MTL (JFM)<br><br>**ORDER** |

Petitioner Baljeet Singh Sidhu (A# 201-918-157) has filed, through counsel, a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Doc. 1) and an Emergency Motion to Stay Removal (Doc. 2).  The Court will enter a temporary stay of removal and call Respondents to answer the Petition.

**I.     Background**

Petitioner is a native and citizen of India.  On May 30, 2019, he entered the United States without inspection near Lukeville, California, and was encountered and taken into custody by the United States Department of Homeland Security ("DHS").  (Doc. 1-2 at 3, 13-16, 20.)  Petitioner was determined to be inadmissible to the United States and placed in expedited removal proceedings pursuant to Immigration and Nationality Act ("INA") § 235(b)(1), 8 U.S.C. § 1225(b)(1).  He expressed a fear of persecution or torture if returned to India and was referred for a credible fear determination.  (*Id*.)  Petitioner was then transferred and detained in the CoreCivic La Palma Correctional Center in Eloy, Arizona.  (*Id*. at 17.)

On August 14, 2019, Petitioner received a credible fear interview. (Doc. 1-2 at 3-11.) An asylum officer found Petitioner was credible but determined that he had not established a credible fear of persecution or torture if removed to India. (*Id.* at 2, 22.) The asylum officer reasoned in part that Petitioner (1) had not established a credible fear of persecution because "under all the circumstances it is reasonable for [him] to relocate within [his] country to avoid persecution"; and (2) had not established a credible fear of torture because he had "not established that there is a significant possibility that . . . [he] would suffer severe physical or mental pain or suffering." (*Id.* at 2.) The determination was approved by a supervisory asylum officer (*id.* at 11), and on August 22, 2019, Petitioner was ordered removed from the United States (*id.* at 2, 17).

Petitioner requested review of the credible fear determination by an immigration judge ("IJ") (*id.* at 2), and on August 28, 2019, the IJ affirmed the asylum officer's credible fear determination.[1] Petitioner was later transferred to the CoreCivic Adams County Correctional Center in Natchez, Mississippi. (Doc. 1 ¶ 11.)

**II.     Petition**

In his Petition, Petitioner names Acting DHS Secretary Chad Wolf, United States Attorney General William Barr, Acting United States Immigration and Customs Enforcement ("ICE") Director Matthew T. Albence, Acting United States Citizenship and Immigration Services ("USCIS") Director Kenneth Cuccinelli, USCIS New Orleans Field Office Director Stanley Crockett, and Adams County Correctional Center Warden Shawn Gillis as Respondents.[2]

Petitioner brings four grounds for relief. In Grounds One through Three, Petitioner

---

[1] *See* Executive Office for Immigration Review Automated Case Information System, https://portal.eoir.justice.gov/InfoSystem (last accessed Jun. 17, 2020).

[2] Under the rationale articulated in *Armentero, infra*, and in the absence of authority addressing who is the proper respondent in immigration habeas corpus proceedings under § 2241, the Court will not dismiss Respondents or the Petition for failure to name a proper respondent at this stage of the proceedings. *See Armentero v. INS*, 340 F.3d 1058, 1071-73 (9th Cir. 2003) (finding the DHS Secretary and the Attorney General were proper respondents), *withdrawn*, 382 F.3d 1153 (9th Cir. 2004) (order); *see also Rumsfeld v. Padilla*, 542 U.S. 426, 435 n.8 (2004) (declining to resolve whether the Attorney General is a proper respondent in an immigration habeas corpus petition).

claims that his credible fear proceedings denied him a fair and meaningful opportunity to apply for relief in violation of the INA, the implementing regulations, and the Due Process Clause of the Fifth Amendment. Petitioner alleges the asylum officer failed to employ the required non-adversarial procedures when conducting his credible fear interview, misallocated the burden of proof, failed to consider all the facts, and misapplied the law when evaluating his credible fear claim, and failed to provide a written explanation of his decision. In Ground Four, Petitioner requests attorney's fees and costs under the Equal Access to Justice Act. Petitioner asserts that this Court has habeas corpus jurisdiction to review his claims pursuant to the Ninth Circuit's decision in *Thuraissigiam v. U.S. Dep't of Homeland Sec.*, 917 F.3d 1097 (9th Cir. 2019), *cert. granted*, No. 19-161 (Oct. 18, 2019).

In his demand for relief, Petitioner asks the Court to: (1) determine that his expedited removal order violated his statutory, regulatory, and constitutional rights and, as a result, he is being detained in violation of the law; (2) vacate the expedited removal order; and (3) order that he "be provided a new, meaningful opportunity to apply for asylum and other relief from removal." (Doc. 1 at 22-23.)

### III.     Emergency Motion to Stay Removal

First, Petitioner asks that he "not be relocated outside the state of Arizona." (Doc. 2 at 18.) Because Petitioner is not located in Arizona, and the Motion does not contain any supporting discussion, Petitioner's request to enjoin his transfer will be denied.

Second, Petitioner moves the Court to stay his removal from the United States while this action is pending. He states that his "removal is imminent: there is an ICE-charted flight going to India this week, and by all accounts, [Petitioner] is on the flight manifest." (Doc. 2 at 2.)

In the Ninth Circuit, "a petitioner seeking a stay of removal must show that irreparable harm is probable and either: (a) a strong likelihood of success on the merits and that the public interest does not weigh heavily against a stay; or (b) a substantial case on the merits and that the balance of hardships tips sharply in the petitioner's favor." *Leiva-*

*Perez v. Holder*, 640 F.3d 962, 970 (9th Cir. 2011) (discussing application of *Nken v. Holder*, 556 U.S. 418, 444 (2009)).

The Court will issue a temporary stay of removal. Because removal would deprive Petitioner of the relief he seeks – asylum in the United States – he has shown that it is probable that he would suffer irreparable harm absent a stay. Petitioner has also shown that he has a substantial case on the merits, without prejudice to Respondents demonstrating the contrary, by raising material legal issues in the credible fear determination process. Lastly, the balance of hardships tips sharply in Petitioner's favor. A stay will maintain the status quo until Respondents have had an opportunity to brief the Petition and will facilitate a considered review of the parties' arguments by the Court and a reasoned decision on the issues presented.

**IT IS ORDERED:**

(1) Petitioner's Emergency Motion to Stay Removal (Doc. 2) is **granted in part** insofar as a temporary stay of removal is entered and is otherwise **denied** without prejudice.

(2) Respondents are **enjoined** from removing Petitioner Baljeet Singh Sidhu (A# 201-918-157) from the United States pending further order of this Court.

(3) The Clerk of Court shall **email** a copy of this Order to the Immigration TRO Distribution List.

(4) The Clerk of Court shall **serve**: (1) a copy of the Summons, (2) the Petition (Doc. 1), and (3) this Order upon the United States Attorney for the District of Arizona by certified mail addressed to the civil process clerk at the office of the United States Attorney pursuant to Rule 4(i)(1)(A) of the Federal Rules of Civil Procedure. The Clerk of Court shall also send by certified mail a copy of the Summons, the Petition, and this Order to the United States Attorney General pursuant to Rule 4(i)(1)(B) and to Respondents Wolf, Barr, Albence, Cuccinelli, Lucero, Crockett, and Gillis pursuant to Rule 4(i)(2) of the Federal Rules of Civil Procedure.

(5) Respondents shall have **30 days** from the date of service to answer the Petition (Doc. 1). Respondents shall not file a dispositive motion in place of an answer

absent leave of Court.

(6) Petitioner shall have **15 days** from the filing of Respondents' Answer to the Petition to file a Reply. Failure to file a Reply may be deemed as consent to the denial of the Petition on the grounds presented in Respondents' Answer.

(7) Petitioner must immediately file a "Notice of Change in Status" if there is any material change in Petitioner's immigration or custody status. Any request for relief must be made by separate motion and may not be included in the Notice.

(8) This matter is **referred** to Magistrate Judge James F. Metcalf pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for further proceedings and a report and recommendation.

Dated this 18th day of June, 2020.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge

TERMPSREF

- 5 -