**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Baljeet Singh Sidhu, | No. CV-20-01189-PHX-MTL |
| Petitioner, | **ORDER** |
| v. | |
| Chad Wolf, et al., | |
| Respondents. | |

Pending before the Court is Magistrate Judge James F. Metcalf's Report and Recommendation ("R & R") (Doc. 24) recommending that the Court grant Respondents' motion to transfer this case to the United States District Court for the Southern District of Mississippi. (Doc. 17.) Petitioner did not object to the R & R. For reasons expressed herein, the Court will adopt Judge Metcalf's recommendation and transfer the case.

**I.     BACKGROUND**

Petitioner Baljeet Singh Sidhu filed a Petition for Writ of Habeas Corpus (the "Petition") pursuant to 28 U.S.C. § 2241 on June 16, 2020. (Doc. 1.) The same day, he filed an Emergency Motion to Stay Removal to enjoin his removal from the United States while the Petition remained pending. (Doc. 2.) On June 18, 2020, the Court granted in part the Emergency Motion and enjoined Petitioner's removal from the United States pending further order. (Doc. 5 at 4.) The Court also ordered that "Respondents shall not file a dispositive motion in place of an answer absent leave of Court." (*Id*. at 4–5.)[1]

---

[1] Respondents then filed a Motion for Leave to File Dispositive Motion. (Doc. 13.) Magistrate Judge Metcalf granted this motion and ordered Petitioner to respond why the

On July 1, 2020, Respondents filed a Motion to Dismiss Under Fed. R. Civ. P. 12(b)(3). (Doc. 17.) Respondents argue that venue is not proper in this district because Petitioner is and has been in custody in the Adams County Detention Center in Natchez, Mississippi, since the time he filed the Petition. (*Id*. at 1–2.) Respondents argue that the case should be dismissed pursuant to Fed. R. Civ. P. 12(b)(3) for improper venue, or alternatively, transferred to the United States District Court for the Southern District of Mississippi. (*Id*. at 5–8.) Petitioner filed a response in opposition. (Doc. 23.) Respondents filed a reply on August 17, 2020. (Doc. 22.)

Magistrate Judge Metcalf issued the R & R on December 17, 2020. (Doc. 24.) It sets forth a thorough history of Petitioner's underlying proceedings and an in-depth analysis of the legal issues presented. The R & R concludes, after extensive analysis, that the "district-of-confinement rule applies and jurisdiction over the Petition lies in the Southern District of Mississippi (where Warden Gillis may be served without resort to long-arm service), not this District." (*Id*. at 23.) It further finds that transfer of venue under 28 U.S.C. § 1406(a) or 28 U.S.C. § 1631(a), as opposed to dismissal, is the appropriate relief. (*Id.* at 24) ("Here neither Respondents nor Petitioner proffer any reason why transfer (at least as opposed to dismissal) is not in the interests of justice. A transfer will save time and resources invested to date in filing, briefing, and (at least arguably) service.") Finally, the R & R concludes that the Court need not terminate the existing stay of removal (Doc. 5) in effecting the transfer. (Doc. 24 at 25.)

The R & R informed the parties that they had "fourteen (14) days from the date of service of a copy of [the R & R] within which to file specific written objections with the Court" and that "[f]ailure to timely file objections to the [R & R] will be considered a waiver of a party's right to *de novo* consideration of the issues, and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the recommendation of the Magistrate Judge." (*Id.* at 26)

---

case should not be dismissed for lack of jurisdiction. (Doc. 16.) Petitioner timely responded. (Doc. 21.)

(citations omitted). No party has objected to the R & R as of this date.

## II.   LEGAL STANDARDS

A petition for writ of habeas corpus filed under 28 U.S.C. § 2241 "challenge[s] the manner, location, or conditions of a sentence's execution." *Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir. 2000). Parties have 14 days from service of the R & R within which to file specific written objections with the Court. 28 U.S.C. § 636(b)(1)(C). A district court reviews *de novo* those portions of the report to which an objection is made and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  *Id*.  District courts are not required, however, to conduct "any review at all . . . of any issue that is not the subject of an objection."  *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *see also Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1220 (D. Ariz. 2003) (accepting, without review, a Report and Recommendation to which no objection was filed in connection with a 28 U.S.C. § 2241 petition).

## III.   DISCUSSION

Having reviewed the R & R, and no objections having been made by any party, the Court hereby incorporates and adopts the R & R in full.

## IV.   CONCLUSION

Accordingly,

**IT IS ORDERED** that the Magistrate Judge's Report and Recommendation (Doc. 24) is **accepted**.

**IT IS FURTHER ORDERED** that Respondents' Motion to Dismiss Under Fed. R. Civ. P. 12(b)(3) (Doc. 17) is **granted in part** as provided in the Report and Recommendation (Doc. 24).

**IT IS FURTHER ORDERED** that this matter is **transferred** to the United States District Court for the Southern District of Mississippi.

**IT IS FURTHER ORDERED** that the portion of Respondents' Motion requesting dismissal of this matter (part of Doc. 17) is **denied**.

/ /

**IT IS FINALLY ORDERED** directing the Clerk of the Court to close this case.

Dated this 13th day of January, 2021.

Michael T. Liburdi
United States District Judge